UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK JOSEPH DEESE,

Plaintiff,

-against-

SULLIVAN COUNTY COUNTY COURTHOUSE NEW YORK; SULLIVAN COUNTY DISTRICT ATTORNEY'S OFFICE; HONORABLE ROBERT FARRELL; JOHN DOE,

Defendants.

26-CV-3447 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who currently is incarcerated at Fishkill Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated June 24, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 6.) This Court dismisses the complaint for the reasons set forth below.

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). This Court must also dismiss a complaint if this Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow this Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, this Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "formulaic recitation[s] of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, this Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## II. BACKGROUND

Plaintiff brings this action under Section 1983 against (1) "Sullivan County County Courthouse New York"; (2) Sullivan County District Attorney's Office New York; (3) Sullivan County Court Judge Robert Farrell;[2] and (4) the District Attorney of Sullivan County.

The following allegations are drawn from the complaint.[3] On November 15, 2022, Plaintiff went to M&T Bank in Sullivan County and asked the bank to

> send copies of [his] federal paperwork/documents via fax to Attn – Employment Verification, Central Intelligence Agency . . . and also a document from the White House staff, and a document from the Department of the Army, a paper copy of [his] New York State Department of Motor Vehicles Identification card and [his] birth certificate because there was bad communication with the Information and Privacy Coordinator of Central Intelligence Agency because [Plaintiff] thought they were conducting a Civil Lawsuit for [him].

(Compl., ECF No. 1, at 4.)

Plaintiff alleges that he was told by an officer of the New York State Department of Corrections and Community Supervision "that the numbers on the CIA documents were connected to a bank account and that the money could be credited back to the Bank from CIA as an advancement." (*Id.*) Two days after Plaintiff's visit to M&T Bank, he went back there "hoping to get the advancement," but a bank employee said their "system was shut down and [they] could not do it." (*Id.* at 4–5.) The bank employee told Plaintiff that Key Bank could probably complete his request. (*Id.* at 5.)

Plaintiff then went to Key Bank with the "documents and letter of request in reference to CIA." (*Id.*) When a Key Bank employee told Plaintiff that he did not "have the amount in his

---

[2] There is not a judge by the name of Robert Farrell on the Sullivan County Court. Plaintiff is likely referring to Sullivan County Court Judge James Farrell.

[3] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

drawer," Plaintiff replied that he would "take what you have." (*Id.*) Plaintiff maintains that he made the remark "not with the intent to steal." (*Id.*) The employee gave Plaintiff the money and Plaintiff "signed for it then left." (*Id.*) Plaintiff was subsequently arrested by officers of the Liberty, New York Police Department, "gave a false confession and [was] immediately incarcerated." (*Id.*) Plaintiff states that he "gave false confessions for allegedly robbing Key Bank because [he] had a bad hit of marijuana approximately four or five days before which left [him] sleepless during that time." (*Id.* at 4.)

Plaintiff further alleges that he left a message for his attorney requesting to be present at the grand jury proceedings. (*Id.* at 6.) However, the grand jury proceeding "was undergone without [Plaintiff's] presence," which Plaintiff alleges violated his constitutional rights. (*Id.*)

For relief, Plaintiff asks this Court to "allow [him] to go before the Grand Jury" and to ensure that his Due Process rights "are given to [him] fairly and equally." (*Id.* at 5.)

## III. PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Claims Against the Sullivan County Courthouse

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Plaintiff names the Sullivan County Courthouse as a defendant.

The courthouse is not a "person" for purposes of Section 1983, and is therefore not a proper defendant in a Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't, Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court is not a "person" within the meaning of Section 1983); *Donnay v. Yonkers Police Dep't*, No. 25-CV-9356 (JGLC), 2025 WL 3754899, at

*2 (S.D.N.Y. Dec. 29, 2025) ("The [Yonkers] courthouse is not a 'person' for purposes of Section 1983[.]").

This Court therefore dismisses Plaintiff's Section 1983 claims against the Sullivan County Courthouse for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**B. Claims Against the Sullivan County District Attorney and District Attorney's Office**

This Court must dismiss Plaintiff's Section 1983 claims against the Sullivan County District Attorney and District Attorney's Office. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). In the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit. *See Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) ("[Section] 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment." (citing, *inter alia*, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993)); *Feerick v. Sudolnik*, 816 F. Supp. 879, 887 (S.D.N.Y. 1993) ("When the [district attorney's office] makes [prosecution-related] decisions, it is acting in a quasi-judicial capacity and thus is representing the state, not the county. Thus, the

11th Amendment protects the [district attorney's office] from Section 1983 liability while it acts as a state representative." (citations omitted)), *aff'd*, 2 F.3d 403 (2d Cir. 1993).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). This Court therefore dismisses Plaintiff's claims against the Sullivan County District Attorney's Office and the Sullivan County District Attorney in his official capacity, for lack of subject matter jurisdiction as barred by the Eleventh Amendment.[4] *See* Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

### C. Claims Against Judge Farrell

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from

---

[4] To the extent Plaintiff seeks to sue the Sullivan County District Attorney in his individual capacity, those claims also fail. Plaintiff alleges no facts suggesting that the District Attorney was personally involved in any of the events giving rise to his claims. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]"). Even if Plaintiff had alleged such facts, the District Attorney would enjoy prosecutorial immunity for any acts taken with respect to his prosecution of Plaintiff. *See Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) ("Absolute immunity bars a civil suit against a prosecutor for advocacy conduct that is 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken in "absence of jurisdiction." *Mireles*, 502 U.S. at 9–10; *see also Bliven*, 579 F.3d at 208–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Newsome v. Scheininger*, No. 24-CV-5265 (VSB), 2024 WL 4467415, at *4 (S.D.N.Y. Oct. 10, 2024) ("[T]he 1996 Amendments to Section 1983 bar Plaintiff's claims for injunctive relief against [the defendant]. Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983."); *Davis v. Campbell*, No. 13-CV-0693 (LEK/ATB), 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Here, Plaintiff fails to allege any facts showing that Judge Farrell acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11–12. In fact, Plaintiff does not mention Judge Farrell in the complaint at all. To the extent that Judge Farrell presided over the grand jury proceedings that Plaintiff challenges, the judge's acts are those "arising out of, or related to, individual cases before [them]," and Judge Farrell therefore enjoys

judicial immunity. *Bliven*, 579 F.3d at 210. Plaintiff may not seek injunctive and declaratory relief against Judge Farrell because he alleges no facts suggesting that the judge violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

This Court therefore dismisses Plaintiff's claims against Judge Farrell as barred by the doctrine of judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. *Younger* Abstention**

Plaintiff asks this Court to intervene in his ongoing Sullivan County criminal proceedings by issuing an order allowing him to appear before a grand jury and ensuring his due process rights are protected. Even if Plaintiff had named an appropriate defendant, this Court must still dismiss these claims under the abstention doctrine first articulated by the Supreme Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973). Application of the *Younger* abstention doctrine has been extended to the three following categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). It applies to claims for injunctive relief, as well as to claims for declaratory relief, sought in a federal court that would cause that court to intervene in any of those types of state-court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Plaintiff asks this Court to intervene in his ongoing Sullivan County criminal proceedings, but he alleges no facts showing bad faith, harassment, or irreparable injury that is both serious and

immediate. This Court therefore also dismisses Plaintiff's claims for injunctive relief as barred by the *Younger* abstention doctrine.

**E. Claims Under State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which this Court has original jurisdiction, this Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend his complaint.

## IV. CONCLUSION

This Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, for failure to state a claim on which relief may be granted, and as barred

under the doctrine of judicial immunity and the *Younger* abstention doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

This Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

This Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 28, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge